# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2020

Lyle W. Cayce
Clerk

No. 19-50656

Jesus Agredano; Margaret Agredano,

*Plaintiffs—Appellants*,

*versus*

State Farm Lloyds,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-1067

Before Higginbotham, Elrod, and Haynes, *Circuit Judges*.
Haynes, *Circuit Judge*:

Jesus and Margaret Agredando ("Plaintiffs") sued their homeowners' insurance company, State Farm Lloyds ("State Farm") after it denied their claim for windstorm damage to their home. Relevant here, the district court granted summary judgment in favor of State Farm on various causes of action but allowed Plaintiffs' breach of contract claim to be presented to a jury, which granted a verdict in Plaintiffs' favor. Although the

No. 19-50656

Plaintiffs had sought attorney's fees[1] and "statutory interest of 18%[,]" the district court (after originally granting this relief) ruled that the failure to specifically plead relief under Texas Insurance Code § 542.060 (the Texas Prompt Payment of Claims Act or "TPPCA") barred the requested relief and entered judgment only in the amount of the breach of contract damages found by the jury, together with regular pre-judgment and post-judgment interest. Plaintiffs timely appealed.[2] We REVERSE and REMAND for reconsideration consistent with this opinion.

## I.      The Pleading

Two provisions in the Texas Insurance Code are relevant to our analysis. Section 542.058 of the Texas Insurance Code[3] provides a cause of action against insurers who delay paying claims:

> [I]f an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

Section 542.060, in turn, allows plaintiffs to seek damages in the amount of their claim—plus 18% interest—for such delays:

---

[1]    The district court concluded that Chapter 38 of the Texas Civil Practice and Remedies Code, which provides for recovery of attorney's fees for breach of contract, did not apply to State Farm because it was neither an "individual nor a corporation." Plaintiffs do not appeal this conclusion.

[2] The district court had diversity jurisdiction over the case. We have jurisdiction over the appeal under 28 U.S.C. § 1291. The only questions we decide here are pure questions of law, such that *de novo* review applies. *GIC Servs., L.L.C. v. Freightplus USA, Inc.,* 866 F.3d 649, 666 (5th Cir. 2017).

[3] Plaintiffs seek penalties under § 542.060 for delaying payment of their claim for more than 60 days, in violation of § 542.058.

> [T]he insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees.

State Farm argues that the Plaintiffs failed to plead a claim for the TPPCA interest under § 542.060 because Plaintiffs did not "specifically request" such a claim, that is, Plaintiffs did not cite the statute or quote the language of the statute. As a result, the district court originally granted Plaintiffs Chapter 542 relief under Federal Rule of Civil Procedure 54(c), providing that the final judgment should "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Shortly thereafter, our court issued an unpublished (and, therefore, non-precedential) decision in *Chavez v. State Farm Lloyds*, 746 F. App'x 337 (5th Cir. 2018), which concluded that, because the bad faith insurance code claims had been properly dismissed by the district court, Chavez could not recover under § 542.060. As a result of the *Chavez* decision, the district court reversed its ruling in this case and denied the § 542.060 relief.

Plaintiffs pleaded that they submitted their claim and that it was denied. They further pleaded entitlement to an "18% [p]enalty [i]nterest pursuant to Ch. 542 of the Texas Insurance Code" and "[a]ttorney's fees." The only relevant statute entitling an insured to an 18% penalty is § 542.060. While the pleading could have been more robust, the *Twombly/Iqbal* "plausibility" standard does not require magic words or detailed facts in most cases. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (acknowledging that a complaint cannot be speculative); *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017) (explaining that plaintiffs need only give "fair notice" of a claim against

the defendant).[4]  Instead, it prohibits speculative claims, which the request for a TPPCA penalty interest clearly is not.

In addition to the lack of pleading deficit, this is not a situation where State Farm was surprised by the Plaintiffs' request.  State Farm never brought a Rule 12(e) claim that it did not understand the pleadings and, indeed, it clearly was aware of the § 542.060 claim because the Plaintiffs stated it in their discovery responses and State Farm argued in its summary judgment motion that the Plaintiffs had sought "causes of action based upon Chapter[] . . . 542 of the Texas Insurance Code[.]"  We conclude that the statutory interest claim was not improperly pleaded.

## II.      Recoverability

We now turn to the question *Chavez* addressed:  whether a violation of the bad faith provisions of the Texas Insurance Code is a necessary prerequisite to § 542.060 relief.  *Chavez* held as follows: "Although Chavez claimed Texas Insurance Code violations, the district court dismissed them by granting a partial summary judgment.  The district court correctly ruled Chavez could not continue to seek relief for the statutory claims that were no longer viable." 746 F. App'x at 343.  No caselaw was cited for this proposition, and it is contrary to the Texas Supreme Court's holding in *Lamar Homes, Inc. v. Mid-Continent Casualty Co.*, 242 S.W.3d 1, 16 (Tex. 2007):

> The prompt-payment statute provides that an insurer, who is "liable for a claim under an insurance policy" and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of the claim, but also for "interest on the amount

---

[4] There are some causes of action, such as fraud, that do require particularity, *see* Fed. R. Civ. P. 9(b), but no one contends this is one of them.

> of the claim at the rate of eighteen percent a year as damages, together with reasonable attorney's fees."

*See also Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 518 (5th Cir. 2015) (not requiring a showing of violation of the bad faith claims of the Texas Insurance Code to recover under the TPPCA). Other prior decisions treated the provision as a strict liability statute. *See e.g., Prudential Ins. Co. v. Durante*, 443 S.W.3d 499, 512–13 (Tex. App.—El Paso 2014, pet. denied) (overruling a challenge to an 18 percent statutory interest award because the insurer had an obligation to pay within 60 days and violated § 542.058 by not doing so); *U.S. Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 222 (Tex. App.—San Antonio 2012, pet. denied) (affirming an 18 percent statutory interest award because there was legally sufficient evidence that the insurer was liable and violated Chapter 542).

However, we need not decide if *Chavez* was wrong when it was decided because subsequent Texas Supreme Court cases make clear that *Chavez* is no longer good law on this point. The Texas Supreme Court recently stated that "[n]othing in the TPPCA would excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline[.]" *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819 (Tex. 2019); *see also Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) ("[A]n insurer's payment of an . . . award does not as a matter of law bar an insured's claims under" the TPPCA.). That court clearly treated the TPPCA as a strict liability provision. *See Barbara Techs. Corp.*, 589 S.W.3d at 813 ("To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim."). Put another way, it is not necessary for a plaintiff to prove that the insurer acted wrongfully or in bad faith. *See Biasatti*

No. 19-50656

*v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794–95 (Tex. 2020) (analyzing the plaintiff's TPPCA claim separately from its bad faith claim).  The statute requires only liability under the policy and a failure to comply with the timing requirements of the TPPCA.

As a result, we conclude that the district court erred in holding that *Chavez* barred Plaintiffs' claims for the 18% penalty and attorney's fees under Chapter 542.[5]  Accordingly, we REVERSE that decision and REMAND for findings and entry of a new judgment consistent with this opinion.

---

[5]  In its pre-*Chavez* ruling, the district court rejected another defense to the statutory penalty, specifically, that Plaintiffs did not submit a proper, written notice of their claim to the State Farm.  We find no error in this conclusion.